**UNITED STATES of America, Appellee,**

v.

**Adam BAGDASIAN, Appellant.**

**No. 11747.**

United States Court of Appeals Fourth Circuit.

Argued May 9, 1968.

Decided July 18, 1968.

Leroy W. Preston, Baltimore, Md. (J. William Martin and Sylvan Sack, Baltimore, Md., on the brief), for appellant.

Clarence E. Goetz, Asst. U. S. Atty. (Stephen H. Sachs, U. S. Atty., on the brief), for appellee.

Before BOREMAN, WINTER and CRAVEN, Circuit Judges.

BOREMAN, Circuit Judge:

At a nonjury trial Adam Bagdasian was found guilty by the court on both counts of a two-count indictment charging him with violations of 26 U.S.C. §§ 7201 and 7206(1) in willfully attempting to evade a portion of his income tax for the year 1959 and in willfully subscribing to a false tax return for that year. He was sentenced to serve a term of one year on each of the two counts, the sentences to run concurrently. We find the appeal to be without merit.

There is no dispute between the defendant and the Government that this was a "specific items" case. The Government charged Bagdasian with attempting to evade tax on two items of income totaling $14,990.00. The evidence was sufficient to establish that Bagdasian had received this amount through fraudulent schemes perpetrated upon two individuals, one in Pennsylvania and the other in Connecticut, during 1959. Both of the persons defrauded testified at trial, and the Government made no attempt to establish that Bagdasian had any other income. Bagdasian, however, contends that there was a material variance between the charge in the indictment as particularized and the proof as presented. This contention warrants little discussion.

By way of defense to the charges, Bagdasian attempted to show that his status was that of a self-employed taxpayer and that, by establishing his entitlement to certain deductions and business expenses which had not been specifically shown on his 1959 return as filed, he had not understated his income. In refuting this contention the Government introduced testimony taken from the transcript of a Pennsylvania state trial in which Bagdasian had been acquitted of state charges growing out of his dealings with the Pennsylvania individual. Bagdasian's own testimony at that trial that his expenses were paid by his employer was in direct conflict with his claim in the instant case of entitlement to business deductions and to his claim of self-employment status. It is true that his own testimony at the previous trial also revealed that he was paid a salary by his employer. But it is clear that the Government did not attempt to add this to Bagdasian's alleged income and that the court plainly understood the limited purpose of the introduction of the testimony from the state court trial. We conclude that there was no variance between the indictment and proof.

With respect to his attempt to establish deductible business expenses Bagdasian further argues that the court erred in its determination that he was not entitled to any business deductions

or to the benefit of the *Cohan* rule. Cohan v. Commissioner of Internal Revenue, 39 F.2d 540 (2 Cir. 1930). At trial Bagdasian attempted to establish through the testimony of several witnesses that during 1959 he was a race track tout. Bagdasian claimed that, in acting as a tout, he was self-employed and he attempted to show that he had sizable expenses for travel and subsistence incident to his occupation. There is a paucity of evidence to substantiate defendant's assertion that he was, in fact, a tout and we find no error in the court's rejection of this contention. We thus deem it unnecessary to consider the possible application of the *Cohan* rule to the evidence concerning Bagdasian's claim of allowable expense deductions.

Clearly, there was no error in the court's denial of defendant's motion for judgment of acquittal. Bagdasian argues that the evidence supports the inference that the $10,000.00 he obtained in Pennsylvania must have been paid over by him to a bookmaker. This argument is rejected. Secondly, his reliance on Commissioner of Internal Revenue v. Wilcox, 327 U.S. 404, 66 S.Ct. 546, 90 L.Ed. 752 (1946), is totally misplaced as that case is factually distinguishable from the case at bar and is inapposite.

Next, we conclude that there was no error in the court's denial of defendant's motion to suppress evidence obtained during two interviews conducted by agents of the IRS. The first interview took place over coffee in Bagdasian's kitchen and could hardly meet the custodial interrogation requirements of Miranda v. State of Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966). While the second was conducted at Lewisburg Penitentiary where the defendant was then incarcerated as the result of an earlier conviction and he was admittedly without counsel, it was clearly shown that no information obtained during this interview was used against Bagdasian at trial.

Finally, Bagdasian contends that the essential element of willfulness was not established by the evidence. We cannot agree. Willfulness, of course, may not be inferred from the mere understatement of income. Holland v. United States, 348 U.S. 121, 139, 75 S.Ct. 127, 99 L.Ed. 150 (1954). But we find in the record substantial evidence of additional facts and circumstances which fully supports the finding of willfulness. The judgment below is

Affirmed.