110

**UNITED STATES of America**

v.

**Horton R. PRUDDEN.**

**No. 67–84–Cr–J.**

United States District Court
M. D. Florida,
Jacksonville Division.

June 6, 1969.

Edward F. Boardman, U. S. Atty., Tampa, Fla., Samuel S. Forman, Asst. U. S. Atty., Jacksonville, Fla , for plaintiff.

Chester Bedell, C. Harris Dittmar of Bedell, Bedell, Dittmar & Smith, Jacksonville, Fla., for defendant.

ORDER

WILLIAM A. McRAE, Jr., District Judge.

An evidentiary hearing was held on Defendant's Motion to Suppress in the above styled case on May 15, 1969. Defendant seeks to suppress certain statements and evidence obtained in the course of an income tax investigation and as the grounds therefor alleges that the statements and evidence were obtained through fraud, deceit and trickery on the part of the government's agents and in violation of defendant's fifth and sixth amendment rights under the United States Constitution. Defendant does not contend that Miranda v. Arizona, 384 U. S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), or Escobedo v. Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964), require the suppression of the evidence. See Agoranos v. United States, 409 F.2d 833 (5th Cir.1969); United States v. Jernigan, 411 F.2d 471 (5th Cir.1969).

A civil tax audit was conducted by Revenue Agent Clausson P. Lexow until August 14, 1963, when the case was referred to Special Agent Edward M. Co-

hen for a full criminal investigation. Revenue Agent Lewis E. Stanley made an appointment with defendant for October 1, 1963. Stanley and Special Agent Cohen met with defendant and identified themselves as Revenue Agent and Special Agent, respectively. They did not advise defendant of the significance of the distinction of their titles, specifically, that a Special Agent is a criminal investigator, or that the investigation had assumed a criminal character, or that it was to determine the existence of fraud. They did not give defendant *Miranda*-type warnings. Defendant testified that he did not understand the nature of a "special agent."

 It is not necessary to decide whether failure to explain the distinction between "revenue" and "special" agent and failure to inform defendant that the investigation had become criminal in themselves constitute fraud, deceit and trickery, as the Court is of the opinion that, considering all the circumstances surrounding the transformation of the investigation into a criminal one, the evidence obtained from defendant after August 14, 1963, was obtained by fraud, deceit and trickery.

The investigation began as a civil audit by Revenue Agent Lexow of the tax returns of Florida Corporation of America and its subsidiaries. During the course of the audit, Lexow discovered what he considered to be evidence of fraud and on July 3, 1963, started to, write a referral report to the Intelligence Division of the Internal Revenue Service recommending a criminal investigation of defendant. During the process of referring the case, and with knowledge that the case was being referred to the Intelligence Division, Lexow wrote defendant requesting certain documents and assuring him that by producing the documents "you will be saved a considerable amount of time * * *." (Defendant's Exhibit No. 2).

After the criminal investigation began, Lexow again wrote to defendant on August 29, 1963, requesting copies of certain documents which had been supplied to Lexow on his last visit but which he had left behind by inadvertence. Lexow advised defendant that he (Lexow) was being transferred to Ocala, Florida, and further advised him as follows:

> Your return along with the others under examination are being transferred to Agent Lewis E. Stanley of this office. Please address all future correspondence to him.
>
> You have been most cooperative in this examination to date. I trust you will extend the same courtesy to Agent Stanley. (Defendant's Exhibit No. 3)

Subsequent to the mailing of this letter, the aforementioned meeting of defendant and Revenue Agent Stanley and Special Agent Cohen took place on October 1, 1963. Over the following fifteen months the agents conducted a complete criminal investigation with the cooperation of defendant, who was unaware that the new nature of the investigation gave him a right to refuse to produce evidence against himself.

On the facts presented to the Court, it is clear that the Internal Revenue Service agents engaged in a deliberate scheme to deceive defendant in order to prevent his suspecting that the nature of the investigation had altered materially. Revenue Agent Lexow established a friendly rapport with defendant and indicated that he would assist defendant in reporting a certain large item on a future return. After the referral of defendant's case, Agent Lexow maintained the cordial tone of his correspondence, complimenting defendant on his cooperation. (See Defendant's Exhibit No. 3) His reference to the transfer of the case to Revenue Agent Stanley was calculated to raise no suspicion, and the fact that Special Agent Cohen would be in charge of the Intelligence Division investigation was omitted.

 It appears, therefore, that the evidence obtained during the criminal investigation must be suppressed. Goodman v. United States, 285 F.Supp. 245 (C.D.Cal.1968). In addition, any evi-

dence obtained as a result of information given by defendant solely during the criminal investigation must also be suppressed. The exclusion of statements or documents obtained from defendant solely during the criminal investigation, however, in no way bars the introduction of statements or documents which defendant volunteered prior to the initiation of the criminal investigation or information developed therefrom such as that obtained by Agent Lexow's letter of August 29, 1963. Nor does it bar evidence obtained from sources independent of interviews with defendant.

It is, therefore,

Ordered:

1. Defendant's Motion to Suppress is granted, and all evidence obtained from defendant on or after August 14, 1963, is suppressed.

2. Copies of documents requested by Agent Lexow in his letter of August 29, 1963, which had been supplied to him before the criminal investigation began, will not be suppressed.