**UNITED STATES of America,
Plaintiff-Appellant,**

v.

**Joe H. TONAHILL, Defendant-Appellee.**

**No. 29426**

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 13, 1970.

Rehearing Denied and Rehearing En Banc Denied Aug. 13, 1970.

---

Richard B. Hardee, U. S. Atty., Beaumont, Tex., Johnnie M. Walters, Asst. Atty. Gen., Joseph Howard, Lee A. Jackson, Robert H. Purl, Attys., Dept. of Justice, Washington, D. C., for plaintiff-appellant.

Sander Shapiro, Donald S. Thomas, Clark, Thomas, Harris, Denius & Winters, Austin, Tex., Gilbert T. Adams, John G. Tucker, Beaumont, Tex., for defendant-appellee.

Before GOLDBERG, DYER and SIMPSON, Circuit Judges.

DYER, Circuit Judge:

The defendant was charged with three counts of willfully attempting to evade and defeat his individual income tax for the years 1960 through 1962 in violation of Section 7201 of the Internal Revenue Code of 1954. He moved to suppress from evidence oral statements he had made to treasury agents and documentary evidence seized by them, claiming that the evidence was illegally obtained because *Miranda* warnings were never given to him and because the agents induced him to furnish the evidence by fraud and deceit by misleading him into thinking that there would be no criminal charges against him. The District Court granted this motion and the Government has appealed. Finding this case controlled by our recent decision in United States v. Prudden, 5 Cir. 1970, 424 F.2d 1021, we reverse and remand.[1]

---

1. Pursuant to our Rule 18 this case is decided without oral argument.

The defendant is a criminal attorney in Texas of wide experience and reputation. The investigation began as a civil audit of defendant's business in October, 1962. The Revenue Agent lingered on the case for over a year and during that period formed a suspicion that defendant had violated Section 7201. In March, 1964, he referred the case to the Intelligence Division of Internal Revenue, and the case was assigned to a Special Agent. There was no contact between the Revenue Service and defendant from January, 1964, until September, 1964, when the original investigating Revenue Agent and the Special Agent met with the defendant and his accountant.

■ The District Judge found that neither defendant nor his accountant knew the significance of the term "Special Agent." However, defendant and his accountant were apprehensive enough (because of the length of time involved in the investigation) to ask the agents on the several occasions when they met, what they were doing, why the audit was taking so long, and whether fraud was involved. The District Judge found that the Agents must have known that the defendant and his accountant did not understand that the audit or investigation was criminal and that, "Not once did the Agents reply in the affirmative [to the questions of defendant and his accountant] that 'fraud' or a 'crime' was involved. Instead, they stated their function was to reconcile the large discrepancies, to see if they were the result of innocent errors." Relying on United States v. Prudden, M.D.Fla.1969, 305 F.Supp. 110, and Goodman v. United States. C.D.Cal.1968, 285 F.Supp. 245, the District Judge found that the Revenue Agents had concealed the nature of the investigation from taxpayer and his

accountant and that this amounted to fraud, trickery and deceit on their part. Accordingly, he granted the motion to suppress.[2]

*Prudden* was subsequently reversed by this Court and *Goodman* was distinguished in that opinion on the ground that the taxpayer there "had only a grammar school education and was affirmatively led to believe that the information which he was giving the revenue agents was part of the investigation of another taxpayer," elements not present either in *Prudden* or in the instant case. 424 F.2d 1021, at p. 1035.

With the legal underpinnings swept away from the District Court's order granting his motion to suppress, the defendant attempts to turn the Fifth Circuit decision in *Prudden* to his advantage by arguing that, although *Prudden* approved silence on the part of investigating Revenue Agents, it expressly disapproved affirmative misrepresentations and said there was a duty not to leave unanswered an inquiry where doing so would be intentionally misleading. He argues that the inquiries of himself and his accountant to the Revenue Agents imposed a duty on them to inform him that a criminal investigation was under way and that their answer affirmatively misled them.

■ We find no distinction between the instant case and *Prudden* which justifies different results in the two cases. Of course, there is no question, as *Prudden* pointed out, that Revenue Agents cannot obtain information from taxpayers by fraud, trickery or deceit which misrepresents the nature of the search. But there must be "acts by the agent[s] which *materially* misrepresent the nature of the inquiry" before there is

2. Because he found the agents had obtained the evidence from the defendant-taxpayer by fraud, trickery and deceit, the District Judge did not reach the question whether the agents were required to give *Miranda* warnings when the nature of the investi- gation changed from civil to criminal. If there was any doubt about this question before, it was resolved by United States v. Prudden, 5 Cir. 1970, 424 F.2d 1021, which held that *Miranda* warnings are not required.

fraud, trickery or deceit and "the record * * * must disclose some affirmative misrepresentation to establish the existence of fraud, and *this showing must be clear and convincing." Prudden* at p. 1033 (emphasis added).

 We cannot say on this record that there was a *material* misrepresentation which *clearly* and *convincingly* shows fraud and the defendant has therefore failed to meet his burden.[3] The agents did not say or indicate in any way that their investigation was not criminal or that there was no possibility of a criminal prosecution. They said their function was to reconcile large discrepancies to see if they were the result of innocent errors. If anything, such a statement to an attorney and his accountant, especially when accompanied by prolonged investigation, should have put the taxpayer on guard that if the agents determined that the large discrepancies were not the result of innocent errors he would be subject to criminal prosecution.

The order granting defendant's motion to suppress is reversed and the case is remanded to the District Court for further proceedings not inconsistent with this opinion.

Reversed and remanded.

## ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.

3. The emphasis of the District Court's order granting the motion to suppress was on the taxpayer's ignorance of the nature of the investigation and not, as required by *Prudden*, on what the agents said and did.