**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jay E. MATHEWS, Defendant-Appellant.**

**No. 71-3158.**

United States Court of Appeals,
Fifth Circuit.

Aug. 2, 1972.

Rehearing Denied Aug. 24, 1972.

---

Lawrence E. Hoffman, Hoffman & St. Jean, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Richard B. Buhrman, John P. Burke, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before WISDOM and INGRAHAM, Circuit Judges, and BOOTLE, District Judge.

PER CURIAM:

Mathews appeals from his conviction for having wilfully attempted to evade income taxes due and owing to the United States for the calender years 1964, 1965 and 1966, all in violation of 26 U.S.C. § 7201. We affirm.

Defendant contends that the trial court erred in not granting his motion to suppress statements made by him to a special agent of the Internal Revenue Service. As grounds for the motion defendant states that prior to the interviews during which the statements were made, the agent did not give complete *Miranda* warnings as, defendant argues, were required by IRS News Release No. 897, dated October 3, 1967. That release, recognizing that it went "far beyond most legal requirements to assure that persons are advised of their Constitutional rights," provided in pertinent part that:

"On initial contact with a taxpayer, IRS Special Agents are instructed to produce their credentials and state: 'As a special agent, I have the function of investigating the possibility of criminal tax fraud.'

"If the potential criminal aspects of the matter are not resolved by preliminary inquiries and further investigation becomes necessary, the Special Agent is required to advise the taxpayer of his Constitutional rights to remain silent and to retain counsel." [1]

The defendant argues that the motion to suppress should have been granted because an agency of the government must scrupulously observe rules, regulations, or procedures which it has established and that when if fails to do so, its action cannot stand and courts will strike it down, citing: United States v. Heffner, 420 F.2d 809 (4th Cir. 1969), and United States v. Leahey, 434 F.2d 7 (1

1. As stated in appellee's brief:

"It should be noted that the 1967 news release was superseded by IRS News Release IR-949, issued November 26, 1968 (not relied upon by defendant), which laid down even more stringent standards for special agents' warnings. It required that at 'the initial meeting with a taxpayer, a Special Agent is now required to identify himself, describe his function, and advise the taxpayer that anything he says may be used against him. The Special Agent will also tell the taxpayer that he cannot be compelled to incriminate himself by answering any questions or producing any documents and that he has the right to seek the assistance of an attorney before responding.' The news release notes that this 'new procedure goes beyond most legal requirements that are designed to advise persons of their rights.' 1968 CCH Fed. Tax Reporter, par. 6946; 1968 Prentice-Hall Fed. Taxes, par. 55,476."

Cir. 1970). It is unnecessary for this court to decide the question thus posed for we find that the revenue agent substantially complied with both News Releases, Nos. 897 and 949. Literal compliance is not required.

Prior to the initial interview the special agent presented his credentials to defendant, telling him that he was a special agent with the Intelligence Division of the Internal Revenue Service and "that we (another agent was also present) were more or less in the criminal or fraudulent division of the Internal Revenue Service." The agent further advised defendant "that anything he said could be used against him; that he had a right to an attorney; that he had the right to refuse to answer any question that he felt might incriminate him."

It is well settled in this circuit that where a potential defendant in a criminal tax case is not in custody nor otherwise deprived of his freedom, nor actually compelled or coerced to furnish statements or documents, special agents are not required to give him the *Miranda* warnings of his constitutional rights, United States v. Prudden, 424 F.2d 1021 (5 Cir. 1970); therefore, defendant not being in custody or otherwise deprived of his freedom at the time of the interview, *Miranda* warnings were not required.

Defendant also contends that the court below erred in admitting into evidence a government exhibit containing a summary of computations under the net worth method of determining taxable income and in failing to grant his motion to dismiss the indictment on the ground that he had not been afforded a conference in the Office of the Regional Counsel of the Internal Revenue Service prior to referral of the case to the Department of Justice for criminal prosecution. We find no merit in these contentions.

Affirmed.