**UNITED STATES of America,
Plaintiff-Appellee,**

**v.**

**Paul DAWSON, Defendant-Appellant.**

**No. 73–1900**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Nov. 5, 1973.

Rehearing and Rehearing En Banc
Denied Dec. 13, 1973.

---

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

Stanley L. Drexler, Leslie H. Wald, Denver, Colo., for defendant-appellant.

William S. Sessions, U. S. Atty., Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before THORNBERRY, GOLDBERG and RONEY, Circuit Judges.

THORNBERRY, Circuit Judge:

Paul Dawson was convicted by a jury on a one count indictment for willfully and knowingly making and subscribing a false joint individual income tax return for the calendar year 1968 in violation of 26 U.S.C. § 7206(1).[1] He now appeals from that conviction on the grounds that defendant's motion to suppress should have been granted and that the assistant U.S. Attorney asserted to the jury in his closing argument his personal belief in the guilt of the defendant. Since we find that neither of these contentions warrants reversal, we affirm.[2]

### The Motion to Suppress

Sometime prior to May 1, 1970, the Dallas Region of the Intelligence Division of the Internal Revenue Service was contacted in reference to an S.E.C. investigation of certain individuals arising out of their dealings in a corporation known as United Australian Oil. Pursuant to the request from the S.E.C., an I.R.S. special agent was assigned to this investigation to determine whether these individuals were using the corporate entity to understate their personal income.

On May 1, 1970, two special agents arrived at appellant's home, presented their credentials to him, and informed him that they were investigating the tax matters of five other individuals associated with United Australian Oil, but not the defendant. At that time, there was no pending investigation of the defendant. The special agents advised appellant that he had the right to decline to answer any questions or to furnish any information to them which he thought might incriminate himself and that he had the right to consult with an attorney before any interview. At that point, the appellant indicated that he did wish to consult with his attorney and in fact called and contacted his attorney's partner at that moment. Having conferred with an attorney, appellant told the agents that he was willing to answer their questions and that if at any point he would like to talk with his attorney he would so advise the special agents. Dawson testified that at this interview the agents applied no psychological or physical pressure to force him to answer questions and that he felt free to leave at any time.

On May 12, 1970, the special agents met with the appellant, his attorney, and his accountant, in the office of his attorney. Prior to the arrival of the appellant, the special agents advised his attorney that they were investigating the income tax matters of other individuals who had worked with the appellant and that they were contacting the appellant as a potential witness. They also advised the attorney, however, that if they determined that the appellant had willfully understated his income, the special agents were under an obligation to recommend prosecution against him.

Thereafter, the special agents recommended a civil audit of appellant's income tax returns. On July 20, 1970, a revenue

1. 26 U.S.C. § 7206 provides in pertinent part:
   "Any person who—
   (1) *Declaration under penalties of perjury.*—Willfully makes and subscribes any return, statement, or other document, which contains or is verified by a written declaration that it is made under the penalties of perjury, and which he does not believe to be true and correct as to every material matter;
   \*        \*        \*        \*        \*
   shall be guilty of a felony and, upon conviction thereof, shall be fined not more than $5,000, or imprisoned not more than 3 years,

or both, together with the costs of prosecution."

2. Appellant has also contended in his brief that the trial court abused it discretion in denying defendant's motion for a continuance and for a bill of particulars, and that the defendant was deprived of a fair trial by the injection of collateral issues into the case, by an alleged prosecutorial attempt to cast the burden upon defendant to produce evidence of his innocence, and by the alleged limitation of the testimony of defendant's expert witness. We find no merit in any of these contentions.

agent and a special agent interviewed the appellant in his attorney's office with counsel present in reference to civil and possibly criminal tax liability. The special agent gave the appellant *Miranda*-like warnings and informed the appellant that one of his functions is the investigation of possible criminal tax violations.[3]

Appellant does not contend that his motion to suppress should have been granted because the special agents' failure to give full *Miranda* warnings constituted a violation of his Fifth Amendment right against self-incrimination, a contention rejected previously by this and eight other circuits which have faced the question.[4] Rather, he contends that evidence was obtained from him during the May 1970 interviews by deception and trickery in violation of the Fourth and Fifth Amendments and that he was denied due process because the agents failed to follow established I.R.S. procedures requiring *Miranda*-like warnings in these circumstances.

Before this court will find trickery or deceit which vitiates proceedings below, there must be acts by the agents which materially misrepresent the nature of the inquiry, the record must disclose some affirmative misrepresentation, and this showing must be clear and convincing. United States v. Tonahill, 5th Cir. 1970, 430 F.2d 1042, 1044–1045. The agents did not say or indicate in any way that their investigation was not criminal or that there was no possibility of a criminal prosecution. Their statement to the appellant at the initial interview that they were investigating the tax matters of other individuals was not an affirmative and material misrepresentation since the record indicates that the appellant was not a principal in the investigation at that time. Nevertheless, they advised appellant at their very first meeting that he had the right to refuse to answer any questions or to produce any information which he thought incriminating and that he had the right to counsel, a right which appellant exercised from the start. It strains our credulity to believe that the appellant, an experienced businessman, could have been tricked or deceived under such circumstances. We cannot say on this record that there was a material misrepresentation which clearly and convincingly shows deceit. In this contention, the appellant has failed to meet his burden. United States v. Prudden, *supra*; United States v. Tonahill, *supra*.

Appellant's final line of defense is that his motion to suppress should have been granted because an agency of the government must scrupulously observe rules, regulations, or procedures which it has established and that when it fails to do so, its action is no longer consistent with due process, citing United States v. Heffner, 4th Cir. 1969, 420 F.2d 809, and United States v. Lea-

---

3. Pursuant to internal guidelines promulgated in IRS News Release No. 897, 7 CCH 1967 Stand. Fed.Tax Rep. ¶ 6832, and IRS News Release IR–949, 1968 CCH Fed. Tax Rep. ¶ 6946, the special agent read the following statement before the interview: "As a special agent, one of my functions is to investigate the possibility of criminal violations of the Internal Revenue Laws, and related offenses. In connection with my investigation of your tax liability (or other matter) I would like to ask you some questions. However, first I advise you that under the Fifth Amendment of the Constitution of the United States I cannot compel you to answer any questions or to submit any information if such answers or information might tend to incriminate you in any way. I also advise you that anything which you say and any information which you submit may be used against you in any criminal proceeding which may be undertaken.

I advise you further that you may, if you wish, seek the assistance of an attorney before responding. Do you understand."

4. Taglianetti v. United States, 1st Cir. 1969, 398 F.2d 558; United States v. White, 2nd Cir. 1969, 417 F.2d 89; United States v. Jaskiewicz, 3rd Cir. 1970, 433 F.2d 415; United States v. Bagdasian, 4th Cir. 1968, 398 F.2d 971; United States v. Prudden, 5th Cir. 1970, 424 F.2d 1021; United States v. Maius, 6th Cir. 1967, 378 F.2d 716; Muse v. United States, 8th Cir. 1968, 405 F.2d 40; United States v. Chikata, 9th Cir. 1970, 427 F.2d 385; Hensley v. United States, 10th Cir. 1969, 406 F.2d 481;

*Contra:* United States v. Dickerson, 7th Cir. 1969, 413 F.2d 1111. The D.C. Circuit has evidently not yet been faced with this question. The issue is exhaustively treated in United States v. Prudden, *supra*.

hey, 1st Cir. 1970, 434 F.2d 7. It is unnecessary for this court to decide the question thus posed for we find from the facts recited earlier that the special agents substantially complied with both IRS News Releases Nos. 897 and 949. Literal compliance is not required.[5] United States v. Mathews, 5th Cir. 1972, 464 F.2d 1268, 1270. Thus the motion to suppress was properly denied.

### Prosecutorial Comment

■■ In his closing argument to the jury, the prosecutor ended his remarks with the following comment:

. . . It will be your verdict, Ladies and Gentlemen, but I wish it was mine.

Defense counsel interposed no objection at trial. Thus we cannot reverse unless the prosecutor's remark constituted "plain error," an obvious error affecting substantial rights. Dupoint v. United States, 5th Cir. 1967, 388 F.2d 39, 45. And we must view that remark in the context of the entire record. Sykes v. United States, 5th Cir. 1966, 373 F.2d 607, 612.

Appellant directs our attention to the Code of Professional Responsibility adopted by the American Bar Association which reads in part:

DR 7–106(C) In appearing in his professional capacity before a tribunal, a lawyer shall not:

\*   \*   \*   \*   \*   \*

(4) Assert his personal opinion as to the justness of a cause, as to the credibility of a witness, as to the culpability of a civil litigant, or as to the guilt or innocence of an accused; but he may argue, on his analysis of the evidence, for any position or conclusion with respect to the matters stated herein.[6]

■ The language of the prosecutor was surely an unnecessary rhetorical flourish and was probably an insinuation that the defendant was guilty. But, while we do not encourage such language, this court has consistently held that a prosecutor may express his belief in the guilt of a defendant if such belief is based solely on the evidence introduced and if the jury is not led to believe that other evidence, unavailable to them, justifies that belief. McMillian v. United States, 5th Cir. 1966, 363 F.2d 165; United States v. Martinez, 5th Cir. 1972, 466 F.2d 679. There is absolutely no indication in the record that the prosecutor attempted to lay the inference that the government held "other evidence." There is likewise no indication that the prosecutor was relying on anything but the evidence introduced.

■■ We are especially mindful of the heavy responsibility imposed on government prosecutors to conduct criminal trials with an acute sense of fairness and justice.[7] Even with that strict duty in mind, however, it is clear from the record that the prosecutor's comment does not constitute plain error.

Appellant's reliance on Handford v. United States, 5th Cir. 1958, 249 F.2d 295, is misplaced. In that case, the defendant was convicted of illegal possession of non-tax-paid whiskey in violation

---

5. In United States v. Bland, 5th Cir. 1972, 458 F.2d 1, a panel of this court required the defendant to prove affirmative, material misrepresentation by clear and convincing evidence in order to show that an agent's failure to follow I.R.S. guidelines warranted reversal. There we held that the failure of a special agent to identify himself where the I.R.S. had imposed upon him a duty to do so was not an affirmative material misrepresentation, where the taxpayer did not know the difference between a revenue agent and a special agent anyway.

6. Cf., to like effect, EC 7–24, Code of Professional Responsibility, supra.

7. "The United States Attorney is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done. As such, he is in a peculiar and very definite sense the servant of the law, the twofold aim of which is that guilt shall not escape or innocence suffer. He may prosecute with earnestness and vigor—indeed, he should do so. But, while he may strike hard blows, he is not at liberty to strike foul ones. It is as much his duty to refrain from improper methods calculated to produce a wrongful conviction as it is to use every legitimate means to bring about a just one." Berger v. United States, 295 U.S. 78, 88, 55 S.Ct. 629, 633, 79 L.Ed. 1314 (1935).

of 26 U.S.C. § 5008(b)·(1) and § 5642. We found that the argument of the U.S. Attorney—objected to by defense counsel at trial—that he had "too many of his friends" and "his friends' children get run over, up and down the highways" in effect associated the defendant, in the minds of the jurors, with drunken drivers on the highway. But we held that this comment constituted reversible error only because the case was close, the evidence was circumstantial, and the record "far from conclusive." Handford v. United States, *supra*, 249 F.2d at 297, 298. Appellant does not challenge the sufficiency of the evidence in this appeal, and moreover, it is not a close case.

We hold that the prosecutor's comment in this case, while not to be applauded, will be tolerated, since the insinuation of guilt was based solely on the evidence introduced and since the jury was not led to believe that other, unavailable evidence justified that belief. United States v. Martinez, *supra*.

Since each of appellant's contentions is without merit, we have no alternative but to sustain the conviction.

Affirmed.