**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Charles H. BUSH, Defendant-Appellant.**

**No. 74–3902**
**Summary Calendar.***

United States Court of Appeals, Fifth Circuit.

May 8, 1975.

William C. Calhoun, Augusta, Ga., for defendant-appellant.

R. Jackson B. Smith, Jr., U. S. Atty., Edmund A. Booth, Jr., Asst. U. S. Atty., Augusta, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

Appellant Charles Bush was found guilty by a jury on a one-count indictment charging him with income tax evasion for the calendar year 1971 in violation of 26 U.S.C. § 7201. On appeal, he contends (1) that his motion to suppress certain evidence should have been granted and (2) that he was entitled to a judgment of acquittal because the

---

* Rule 18, 5th Cir., see Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

government allegedly failed to carry the burden of proof as to his net worth. We find no merit in either contention and we affirm the judgment of conviction.

■ Appellant argues that evidence obtained from him during the first interview with Internal Revenue Service personnel should have been excluded at trial. He asserts that he did not properly waive his right to have an attorney present at the interview and that the government agents used fraud and deceit to encourage him to proceed with the interview unassisted by an attorney. We have carefully reviewed the record, including a transcript of the interview in question, and we find that appellant was given the *Miranda*-like warnings pursuant to established I.R.S. procedures, that he understood his right to counsel, and that he intelligently, knowingly, and willingly chose not to have counsel present. Furthermore, we can find nothing in the record to support his allegation of fraud and deceit on the part of the government agents. We hold that appellant has failed to meet his burden of proof on this issue. *See* United States v. Dawson, 486 F.2d 1326 (5th Cir. 1973); United States v. Tonahill, 430 F.2d 1042 (5th Cir. 1970).

■ At the trial, a government witness testified that, in computing appellant's income by the net worth method, appellant was given credit for zero cash on hand both at the beginning and at the end of the tax year under consideration. Appellant contends that this was improper because he had related to I.R.S. personnel that he had certain sums of money at the beginning and at the end of the year 1971. There is, however, other evidence to support the government's use of the zero cash on hand figure. For example, an amended joint tax return filed by appellant for 1971 reflected zero cash on hand at the end of the calendar years 1970 and 1971. Moreover, we note that, since a zero cash on hand figure was used for the beginning as well as the end of the tax year, this did not affect the determination of appellant's income for 1971 because the net worth method of computation depends on increases in assets to reflect income. With reference to cash on hand, the government gave appellant the benefit of the doubt by not finding an increase in his net worth in that respect. The government did not fail to meet its burden of proof as to appellant's net worth as argued, and, accordingly, he was not entitled to a judgment of acquittal.

Affirmed.