**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Nicholas J. TWEEL, Defendant-Appellant.**

**No. 76–2324.**

United States Court of Appeals,
Fifth Circuit.

April 8, 1977.

Harold Ungar, Edward Bennett Williams, Washington, D.C., for defendant-appellant.

Robert W. Rust, U. S. Atty., Miami, Fla., Scott P. Crampton, Asst. Atty. Gen., Gilbert E. Andrews, Chief, Appellate Section, Robert E. Lindsay and Charles E. Brookhart, Attys., Tax Div., Dept. of Justice, Washington, D.C., for plaintiff-appellee.

Before MORGAN and FAY, Circuit Judges, and HUNTER,* District Judge.

FAY, Circuit Judge:

Appellant, Nicholas J. Tweel, was convicted of conspiring (with an unindicted co-conspirator, Charles Zemliak) to defraud the United States by obstructing the lawful functions of the Internal Revenue Service (IRS),[1] two counts of tax evasion for 1967 and 1969,[2] and two counts of making false statements in a tax return for those same years.[3] Two other co-defendants were named in one of the counts for tax evasion. Tweel was sentenced to four years on three counts and three years on each of the other two, all concurrent. He was also fined a total of $30,000.

The government's evidence showed to the jury's satisfaction that in the tax years, 1967 and 1969, Tweel "laundered" parts of his income to avoid paying taxes by passing sums on to persons who would owe little in taxes because they were in a lower tax bracket or had large losses which would offset the income.

The investigation leading up to appellant's indictment began on May 28, 1969. Don L. Miller, revenue agent for the Internal Revenue Service informed appellant and his wife by letter that he had been assigned to conduct an audit of their federal income tax returns for 1966 through 1968 and asked for an appointment. Appellant's accountant, Ben A. Bagby, telephoned the agent on June 10, 1969 to request a postponement of this audit because the IRS had just completed an audit of appellant's returns for 1958 through 1963. They did set an appointment for August 4, 1969.

During the earlier audit for 1958 through 1963, a special agent of the Intelligence Division of IRS became involved but eventually withdrew, with the audit remaining civil instead of criminal. To discover whether his client was again involved in a criminal inquiry, Bagby asked Miller whether a "special agent" was involved in the new investigation. Miller replied that no special agent was involved. This response led Bagby to believe that Miller was just conducting a civil audit. What Miller did not disclose was that this audit was not a routine audit to which any taxpayer may be subjected from time to time. This audit was conducted at the specific request of the Organized Crime and Racketeering Section of the Department of Justice.[4]

Bagby, who had his own records of appellant's tax affairs as well as some of Tweel's also allegedly obtained additional records from Tweel to voluntarily present to Miller for the new audit. Miller microfilmed all the records that were given to him.[5]

The theory on which the motion to suppress was based is that Miller's microfilming of appellant's records constituted an illegal search in violation of the Fourth Amendment because appellant's consent was obtained through deception. This Court agrees that appellant was grossly deceived and the motion should have been granted; as a matter of procedure we remand this case back to the district court for a hearing to determine what evidence admitted at the trial was tainted due to the government's violation of appellant's constitutional rights.

The district court findings were that the Justice Department requested the IRS to investigate the appellant, a revenue agent was assigned the task, and the accountant

* Senior District Judge of the Western District of Louisiana, sitting by designation.

1. 18 U.S.C. § 371.

2. 26 U.S.C. § 7201 (Internal Revenue Code of 1954).

3. 26 U.S.C. § 7206(1) (Internal Revenue Code of 1954).

4. The Organized Crime and Racketeering Section of the Justice Department is only involved in criminal investigations and requested this audit in its own name.

5. No summons of any sort was directed to appellant or his accountant by the IRS.

asked the agent whether or not a special agent was involved and received a negative response which was at that point a true statement. The trial judge subsequently stated:

If it is deception not to advise at the outset that you were sent there or requested to be there by the Justice Department when asked the question whether there is a special agent involved, then the Court is wrong.

■ It is a well established rule that a consent search is unreasonable under the Fourth Amendment if the consent was induced by the deceit, trickery or misrepresentation of the Internal Revenue agent. *United States v. Rothstein*, 530 F.2d 1275 (5th Cir. 1976); *United States v. Dawson*, 486 F.2d 1326 (5th Cir. 1973); *United States v. Bland*, 458 F.2d 1 (5th Cir. 1972) cert. denied, 409 U.S. 843, 93 S.Ct. 43, 34 L.Ed.2d 83 (1972); *United States v. Ponder*, 444 F.2d 816 (5th Cir. 1971) *cert. denied*, 405 U.S. 918, 92 S.Ct. 944, 30 L.Ed.2d 788 (1972); *United States v. Tonahill*, 430 F.2d 1042 (5th Cir. 1970), *cert. denied*, 400 U.S. 943, 91 S.Ct. 242, 27 L.Ed.2d 247 (1970); *United States v. Prudden*, 424 F.2d 1021 (5th Cir. 1970), *cert. denied*, 400 U.S. 831, 91 S.Ct. 62, 27 L.Ed.2d 62 (1970).

■ The burden for determining whether or not the government has resorted to a deception is on the moving party and this Court in each of the above cases set forth what that party must establish:

We conclude that the mere failure of a revenue agent (be he regular or special) to warn the taxpayer that the investigation may result in criminal charges, absent any acts by the agent which materially misrepresent the nature of the inquiry, do not constitute fraud, deceit and trickery. Therefore, the record here must disclose some affirmative misrepre-

sentation to establish the existence of fraud, and the showing must be clear and convincing. (Footnote omitted)

*Prudden, supra*, p. 1033.

The *Prudden* court also stated that:

Silence can only be equated with fraud where there is a legal or moral duty to speak or where an inquiry left unanswered would be intentionally misleading.

*Supra*, p. 1032.

■ From the facts we find that the agent's failure to apprise the appellant of the obvious criminal nature of this investigation was a sneaky deliberate deception by the agent under the above standard and a flagrant disregard for appellant's rights. The silent misrepresentation was both intentionally misleading and material. Any findings to the contrary under the facts of this case are clearly erroneous. *United States v. Reynolds*, 511 F.2d 603 (5th Cir. 1975); *United States v. Gunn*, 428 F.2d 1057 (5th Cir. 1970).[6]

Appellant showed Miller knew that the IRS was acting at the request of the Organized Crime and Racketeering Section of the Justice Department which is undeniably an instrument for criminal investigation. Miller obviously knew the accountant inquired whether a special agent was involved to determine whether he was conducting a criminal audit. Miller's response, although on the face of it true, misled appellant to such a degree that his consent to the "search" must be vitiated by the agent's silence concerning the origin of this investigation.

In this case, the agent testified he intended, if appellant had consented to an interview[7] to advise him of his rights. Because the IRS requires *only* special agents to warn taxpayers of their rights,[8] by assign-

---

**6.** The court below appears to have based its decision on *United States v. Cleveland Trust Co.*, 474 F.2d 1234 (6th Cir. 1973), *cert. denied sub nom. Miceli v. United States*, 414 U.S. 866, 94 S.Ct. 48, 38 L.Ed.2d 118 (1973). We do not agree with its applicability. *Cleveland Trust* was a suit for enforcement of a summons

which was allegedly not issued in good faith. Deception was not the issue in that case.

**7.** Tweel did not agree to be interviewed.

**8.** Under Internal Revenue guidelines promulgated in IRS News Release No. 897, 7 CCHI 1967 Stand. Fed.Tax Rep. ¶ 6832, and IRS News Release IR-949, 1968 CCH Fed.Tax Rep.

ing a revenue agent the IRS still succeeded in masking the undeniable criminal nature of this investigation and materially deceived this appellant.

■ We cannot condone this shocking conduct by the IRS. Our revenue system is based upon the good faith of the taxpayers and the taxpayers should be able to expect the same from the government in its enforcement and collection activities.[9]

■ Since the consent given by appellant was obtained by deception, the microfilming of the documents constituted an unreasonable search in violation of the Fourth Amendment. *Gouled v. United States*, 255 U.S. 298, 41 S.Ct. 261, 65 L.Ed. 647 (1921). The evidence obtained here in violation of appellant's Fourth Amendment rights, as well as any evidence derived therefrom, should have been suppressed. *Alderman v. United States*, 394 U.S. 165, 171, 89 S.Ct. 961, 22 L.Ed.2d 176 (1969). The burden of proving any evidence was untainted is on the government. *Nardone v. United States*, 308 U.S. 338, 341, 60 S.Ct. 266, 84 L.Ed. 307 (1939). Therefore, we remand for a hearing to make that determination. If any of the evidence was tainted, it must be suppressed and appellant afforded a new trial. The other issue raised on appeal is without merit.

¶ 6946, a special agent must advise the taxpayer before an interview of the following:

As a special agent, one of my functions is to investigate the possibility of criminal violations of the Internal Revenue Laws, and related offenses. In connection with my investigation of your tax liability (or other matter) I would like to ask you some questions. However, first I advise you that under the Fifth Amendment of the Constitution of the United States I cannot compel you to answer any questions or to submit any information if such answers or information might tend to incriminate you in any way. I also advise you that anything which you say and any information which you submit may be used against you in any criminal proceeding which may be undertaken. I advise you further that you may, if you wish, seek the assistance of an attorney before responding. Do you understand.

9. During oral argument counsel for the government stated that these procedures were "routine". If that is the case we hope our message is clear. This sort of deception will not be tolerated and if this is the "routine" it should be corrected immediately.