**UNITED STATES of America, Appellee,**

v.

**Herbert Windell ALLEN, Appellant.**

**No. 82–5013.**

United States Court of Appeals,
Fourth Circuit.

Argued June 10, 1982.

Decided July 21, 1982.

Certiorari Denied Oct. 4, 1982.
See 103 S.Ct. 169.

Danny T. Ferguson, Winston Salem, N. C., for appellant.

John W. Stone, Jr., Asst. U. S. Atty., Greensboro, N. C. (Kenneth W. McAllister, U. S. Atty., Greensboro, N. C., on brief), for appellee.

Before BRYAN, Senior Circuit Judge, and BUTZNER and RUSSELL, Circuit Judges.

ALBERT V. BRYAN, Senior Circuit Judge:

Convicted of violating 18 U.S.C. § 1709 by removing letters from the United States mail,[1] Herbert Windell Allen assigns numerous trial errors. With none of them necessitating a reversal, we affirm.

### I

In the Summer of 1981, postal authorities in the Winston-Salem, North Carolina, area began an investigation into the disappearance of cash contributions to charitable organizations that had been placed in the mails. This inquiry led them to suspect Allen.

To determine whether Allen was responsible for the disappearing mail, a test was devised. Four "test letters" were prepared; each was addressed to a fictitious charity and contained currency treated with an invisible powder which glowed under black light. Upon sealing, each was examined to insure that none of the fluorescent powder had escaped. On September 9, 1981, inspectors placed two of the test letters in each of two mailboxes along Allen's route. A "pilot," a letter or paper simply addressed to an ordinary street address, was also placed in each mailbox. Although inspectors wit-

Board's conclusion that he was suspended for pursuing the grievance.

1. 18 U.S.C. § 1709:

Whoever, being a Postal Service officer or employee, embezzles any letter, postal card, package, bag, or mail, or any article or thing contained therein entrusted to him or which comes into his possession intended to be conveyed by mail, or carried or delivered by any carrier, messenger, agent, or other person employed in any department of the Postal Service, or forwarded through or delivered from any post office or station thereof established by authority of the Postmaster General or of the Postal Service; or steals, abstracts, or removes from any such letter, package, bag, or mail, any article or thing contained therein, shall be fined not more than $2,000 or imprisoned not more than five years, or both.

nessed Allen removing the contents from each mailbox, none of the test letters reached the Post Office at the conclusion of his rounds. The pilots, however, were delivered. The test was duplicated the following day by depositing two more test letters in another mailbox on Allen's route; again, the test letters were not delivered to the Post Office, yet the pilot was.

Upon Allen's return to the Post Office on September 10, a postal supervisor was sent to ask Allen to change a five-dollar bill. The five one-dollar bills thus obtained were examined under black light. Although none of these bills were among those planted in the test letters, they disclosed traces of the fluorescent powder. With this evidence in hand, the postal authorities placed Allen under arrest and, in a search incident to this arrest, obtained his billfold and its contents. When these items were examined, the powder was found again, but the actual test bills were not.

Indicted in six counts charging him with violating section 1709, Allen was declared guilty on every count. The District Court, however, consolidated the six counts into three; rather than allow the taking of each letter to constitute a separate offense, the Court reduced the number of offenses to the number of mailboxes which were baited with test letters.[2] Allen was sentenced to three concurrent prison terms of eighteen months each.

Allen's chief assignment of error is that the District Court erred by admitting the contents of his wallet into evidence. Contending that the postal supervisor's request for change constituted a consent search of his wallet, he insists that the supervisor's failure to disclose his purpose vitiated his consent through trickery. Cited for support is *United States v. Tweel*, 550 F.2d 297 (5th Cir. 1977). *Tweel* was a tax fraud case in which the defendant voluntarily submitted to an audit by a criminal investigator of the Justice Department upon receiving positive assurances that the audit was for civil pur-

poses only. The Fifth Circuit held that the deception by the investigator nullified the defendant's acquiescence to the audit.

Allen, however, can point to no active fraud or deception on the part of the postal authorities. Apparently predisposed to change the five-dollar bill upon the asking, he readily complied without seeking any assurances from the postal supervisor. In such circumstances, it is established beyond cavil that the Fourth Amendment does not require a Government agent to divulge his identity or purpose. *See Lewis v. United States*, 385 U.S. 206, 87 S.Ct. 424, 17 L.Ed.2d 312 (1966). Indeed, a contrary rule would totally emasculate the Government's ability to pursue undercover investigations of criminal activity.

We have considered Allen's remaining arguments and have found them likewise unpersuasive. The judgment of the District Court therefore is

*Affirmed.*

---

**2.** Allen now argues that the District Court's failure to consolidate the charges into two counts—that is, one count for each day that

letters were taken—was error. The evidence, however, amply supports the conclusion that three separate takings occurred.