**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | No.    16-10018 |
| Plaintiff-Appellee, | D.C. No. 1:14-cr-00826-SOM-1 |
| v. | |
| **ALBERT S.N. HEE,** | **MEMORANDUM**[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Hawaii
Susan Oki Mollway, District Judge, Presiding

Argued and Submitted February 24, 2017
Honolulu, Hawaii

Before:    **KOZINSKI**, **HAWKINS** and **BEA**, Circuit Judges.

**1.**  A criminal defendant can suppress evidence from a civil tax audit if he shows "clear and convincing" evidence of an "affirmative misrepresentation" by the IRS.  United States v. Bridges, 344 F.3d 1010, 1020 (9th Cir. 2003) (citing

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

United States v. Tweel, 550 F.2d 297, 299 (5th Cir. 1977)).  Because Hee presented no such evidence, the district court did not err in denying his motions.

**2.** The government violates Brady when it suppresses evidence favorable to the defense, resulting in prejudice.  See Strickler v. Greene, 527 U.S. 263, 281–82 (1999).  The suppression must be "so serious that there is a reasonable probability that the suppressed evidence would have produced a different" outcome.  Id. at 281.  Because evidence of guilt was overwhelming, there's no reasonable probability that the allegedly suppressed evidence would have changed the outcome of Hee's March 2015 motion, August 2015 motion or trial.

**3.** Because Hee failed to properly object below, we review the district court's decisions concerning the admissibility of testimony for plain error.  See United States v. Lopez, 762 F.3d 852, 859 (9th Cir. 2014).  Under this standard, Hee must show that any error was not "subject to reasonable dispute."  Id. at 863 (citations and internal quotation marks omitted).  But it's a matter of reasonable dispute whether questions concerning "the understanding" of Hee's family members were intended to elicit hearsay rather than evidence of Hee's contemporaneous good faith.  Nor did the exclusion of this line of questioning affect the outcome of the proceeding.  Hee's defense, which lasted five days and

included seventeen witnesses, amply aired the available evidence of his alleged good faith.

**AFFIRMED.**