Anglo Hugh MOORE, Appellant
(Defendant below),

v.

The STATE of Wyoming, Appellee
(Plainiff below).

No. 4416.

Supreme Court of Wyoming.

Nov. 5, 1975.

Rehearing Denied Dec. 10, 1975.

Michael W. McCall of Borthwick & McCall, Cheyenne, for appellant.

David B. Kennedy, Atty. Gen., David A. Kern, Asst. Atty. Gen., Cheyenne, and Dick Boley, Senior Student Intern, Laramie, for appellee.

Before GUTHRIE, C. J., and Mc-CLINTOCK and ROSE, JJ.

GUTHRIE, Chief Justice.

This is an appeal from a jury verdict and sentence for negligent homicide and a second count of operating a motor vehicle while under the influence of intoxicating liquor. This prosecution arose from the death of Ty Wood, an eleven-year-old boy who at the time of the accident was a passenger in a car operated by defendant, which car collided with another car driven by Douglas Arnold at the intersection of Eighth and Central Avenues in Cheyenne on November 19, 1973. As a result of the impact deceased was thrown from the car in which he was riding and was pinned under that car, suffering injuries which caused his death.

Arnold was driving in a southerly direction on Central Avenue and struck the car of defendant within this intersection after defendant had failed to stop for a red light while proceeding in a westerly direction on Eighth Avenue. The green light changed to yellow at the time Arnold entered the intersection, and the yellow or so-called "caution" light remained on for an interval of 3.3 seconds, which was sufficient time for Arnold's car to go entirely through this intersection, but the point of impact was only 14 feet south of the north curb of Eighth Avenue.

Defendant was arrested at the scene of the accident for driving under the influence after an officer had smelled intoxicants on his breath and observed his bloodshot eyes. After his arrest defendant consented to a blood test, and at the trial it was stipulated the result of said test indicated a blood alcohol content of .23 percent by weight.

Defendant, appellant herein, after his conviction was appointed counsel who presently prosecutes this appeal.

Four grounds are asserted as a basis for the reversal of these convictions, and these all involve claimed error in certain instruc-

tions or the failure to include another instruction, although appellant argues peripherally in connection with Instruction 12 that a verdict of acquittal should have been entered upon the evidence.

Because all of these objections involve the application of certain rules, there are herein set out the portions of the three instructions upon which the attack is made, with the objections made at the time of trial:

### Instruction No. 9

"It is possible for the conduct of more than one person to contribute, each as a proximate cause, to the bodily injury of another person resulting in death.

"If you should find that the defendant's conduct was a proximate cause of bodily injury leading to the death of a person, then he is not legally excused for such conduct and it is no defense that some other person contributed in some degree to the causation of the fatal injury in question.

"It is your duty to determine whether or not this Defendant in this particular case has been proven guilty beyond a reasonable doubt of driving a vehicle in a reckless disregard of the safety of others and the decedent in this case died within one year as a proximate result of injury caused by such driving."

### Objection to Instruction No. 9

"The defendant objects to Instruction No. 9 regarding the contributory cause of death by another party. The defendant does not feel that is the law in Wyoming and it is a matter of degree."

### Instruction No. 10

"Any person who, while under the influence of intoxicating liquor, drives a vehicle and when so driving does any act forbidden by law or neglects any duty imposed by law in the driving of such vehicle, which act or neglect proximately causes bodily injury to any person other than himself resulting in death, is guilty of the offense of negligent homicide [sic], if all the facts and circumstances

together constitute driving a vehicle in reckless disregard of the safety of others as in these instructions defined.

"Driving while under the influence of intoxicating liquor is not by and of itself driving a vehicle in reckless disregard of the safety of others but it is a fact which you may take into consideration along with all the other evidence in the case. In any event, it must be one of the proximate causes of the injury resulting in death. As explained, a proximate cause of an injury is a cause which, in natural and continuous sequence, produces the injury resulting in death, and without which the injury would not have occurred."

### Objection to Instruction No. 10

"Defendant objects to Instruction No. 10; and among other parts of the instructions, the defendant doesn't feel as if the law of Wyoming is that if a person does any act forbidden by law or neglects any duty imposed by law a person can be found guilty of negligent homicide.

"If that is the law, along with driving under the influence, I think the degree of recklessness or the degree of breach of duty should have to be a large one and not any as specified in this instruction.

### Instruction No. 12

"Under the statutory law of Wyoming if there was at that time 0.10% or more by weight of alcohol in the person's blood it shall be presumed that the person was under the influence of intoxicating liquor, to a degree which renders him incapable of safely driving a motor vehicle; unless from all the evidence you have a reasonable doubt that he was in fact under the influence of intoxicating liquor at the time of the alleged offense."

### Objection to Instruction No. 12

"Defendant objects to that part of Instruction No. 12 which does not give the conclusion that the jury must reach in the event they find that the evidence re-

buts the presumption—rebuts the statutory presumption as to weight of alcohol."

■ No instructions of any character were offered by appellant at the time of the trial. Because of their applicability to these instructions, we will repeat certain well-established rules in connection with the necessity of specific objection to instructions and the duty to offer instructions if the appealing party wishes to preserve a claim of error. Rule 51, W.R.C.P., is clear as to the duty of counsel and the necessity of objecting to either a given instruction or the failure to given an instruction, which objection must state "distinctly the matter to which he objects and the grounds of his objection." To further implement this, Rule 8 of the Uniform Rules of District Courts of the State of Wyoming (compiled 1-1-75), Vol. 2A, W.S. 1957, C.1971, imposes a duty upon counsel to present requests for instructions to the court in advance of argument. We have heretofore in several cases called attention to the requirements of Rule 51, supra; *Sims v. State*, Wyo., 530 P.2d 1176, 1181–1182; *Heberling v. State*, Wyo., 507 P.2d 1, 5, certiorari denied 414 U.S. 1022, 94 S. Ct. 444, 38 L.Ed.2d 313; *Bentley v. State*, Wyo., 502 P.2d 203, 206; *Reeder v. State*, Wyo., 515 P.2d 969, 971–972, mandamus denied 419 U.S. 1018, 95 S.Ct. 509, 42 L. Ed.2d 303. We have further held that in the absence of a request for an instruction, a claim of error is not preserved, *Langdon v. Baldwin-Lima-Hamilton Corporation*, Wyo., 494 P.2d 537, 541, which sets out this requirement and the reasons therefor. See also *Sims v. State*, supra, 530 P.2d at 1182. *Heberling v. State*, supra, further holds that a general objection to an instruction is no objection at all. An examination of the objection asserted to Instruction 9 clearly and demonstrably and without discussion fails to preserve any objection to that instruction as a basis for review.

■ The objection to Instruction 10 notably does not indicate any objection to any specific word or words, phrase or phrases, or any portions of such instruction, nor does it contain any specific suggestion by way of correction. This certainly does not meet the test of "stating distinctly the matter to which he objects." Particularly it can serve as no basis for appellant's presently asserted ground of appeal directed at this instruction, which is that the instruction is not consistent with the case law of Wyoming because it includes the element of the commission of an unlawful act, which is not an element of the crime of negligent homicide but rather an element of involuntary manslaughter.

■ In connection with Instruction 10, appellant also asserts that if it was not error to give such instruction the trial court then "committed reversible error by not instructing the jury regarding the unlawful act of failure to stop at a red light." Defendant, having wholly failed either in his objection to indicate the claimed necessity thereof or to offer an instruction which covered the unlawful act of failure to stop at the red light, cannot now be heard to assert this as error, *Langdon v. Baldwin-Lima-Hamilton Corporation*, supra; *Sims v. State*, supra.

It appears proper to call attention to an obvious matter, which is the mutual interrelationship and dependence of the specific and definite objection to an instruction and a properly offered instruction, which combined serve the purpose which was heretofore mentioned in *Reeder v. State*, supra, 515 P.2d at 972, when we said, "The objection must be specific so that the trial judge is offered an opportunity on second thought to correct any failure to instruct." Had such instruction been offered, as now contended was proper, we can only speculate that the trial court would have refused such instruction, or having been fully advised of the contention would have in some manner included it in the original instruction.

■ Examination of defendant's objection to Instruction 12 reveals that it should

have been supplemented by an offered instruction which would have clarified it. Upon appeal appellant levels this attack at this instruction:

> "The Court below committed error in not including in Instruction No. 12 an additional statement that if, from the evidence, the presumption of driving while intoxicated is rebutted, the jury must arrive at that conclusion." [1]

It will be observed that this instruction does advise the jury of the presumption but commends to their attention all the evidence by the statement, "if from all the evidence they have a reasonable doubt." An examination of the other instructions reveals the jury was fully advised as to the presumption of innocence and the necessity of establishing all the allegations and as to reasonable doubt. The jury was further instructed that it was essential that it be shown "beyond a reasonable doubt" that the defendant drove in a manner that he knew or should have known was highly dangerous to others, and that he did so intentionally, or heedlessly, with a careless indifference to the consequences.

The brief of appellant does not cite any cases or any authorities directly indicating that such instruction was erroneous. Under *DeLuna v. State*, Wyo., 501 P.2d 1021, 1025, this is not then a proper subject for review. Even in this court appellant does not suggest what might be proper by way of instruction.

▇ Appellant, in support of this ground, outlines his testimony and that of witnesses that two hours prior to and up to the time of the accident he did not appear to be intoxicated and that he drove in a normal fashion, and also calls attention to the testimony of the amount of intoxicating liquors which he drank during the period of one to two hours before the

accident [2] and one witness's opinion that he was stone sober. He then concludes with the statement that the jury "must treat the presumption of intoxication as being overcome and rebutted," with which we do not agree because appellant's recitation of this testimony merely demonstrates a conflict of evidence for resolution by the jury.

▇ Further, he asserts that even though the alcohol tests were stipulated into evidence, the testimony which we have before recited rebutted the results of this test and it was then incumbent upon the State to show that the sample was not contaminated or mishandled or the test was not properly run. Appellant is foreclosed from this contention by virtue of this stipulation:

> "(2) The blood sample of Angelo [sic] Hugh Moore taken November 19, 1973, was delivered to Donald Lee, a qualified expert in blood-alcohol testing, at the Wyoming State Laboratory, who tested the sample in accordance with the established procedures of his office.
>
> "(3) The report of that test, as represented by the Blood Collection Report and Report of Laboratory Examinations showing the sample taken from the defendant, contained .23% alcohol by weight."

▇ He then proceeds to the conclusion, in sole reliance upon Ramirez v. State, 163 Tex.Cr.App. 109, 289 S.W.2d 251, that there is insufficient evidence in this case for it to have gone to the jury and that the court should have entered the verdict of acquittal. We find this case inapplicable because the test there showed .13 percent of alcohol by weight and particularly because it did not involve a statutory presumption as we have, and because of several other factual distinctions. Appellant further cites *State v. Rideout*, Wyo., 450 P.2d

---

1. By this affirmance the court does not express approval of the instruction given, which may well have been clarified.

2. Defendant's testimony is that he had two beers and a shot of whiskey, estimated to be in the amount of an ounce, during the day. This is in some manner corroborated by his witnesses, although it may be inferred from the testimony of one witness that he had an additional bottle of beer.

452, for the proposition that the verdict should have been directed, with which we do not agree.

■ Our statute, § 31–129(b)(iii), W.S. 1957, C.1967, 1975 Cum.Supp., creates a rebuttable presumption of intoxication when the weight of the alcohol in a person's blood exceeds .10 percent. The purpose and effect of such statutes is clearly set out in the case of *State v. Johnson,* 42 N.J. 146, 199 A.2d 809, 823–824:

> "We finally come to the critical matter of the effect to be given by a court under the statute to a properly admitted reading of 0.15 per cent of alcohol in the blood. Our statute, and the Uniform Act, says that 'it shall be presumed' therefrom 'that the defendant was under the influence'. The statutes of some other states speak of the reading as *'prima facie'* proof. The difference is not particularly significant. What was clearly intended by both expressions, in the light of the scientific knowledge of what such a reading portends physiologically which we have previously outlined, is a legislative determination that the State has proved its case by such a reading alone, which not only is sufficient to require a denial of a defense motion at the end of the prosecution's case, but remains for weighing (with, of course, any other evidence introduced by the prosecution) against the rebutting evidence introduced by the defendant. The presumption is not conclusive since contradicting evidence is expressly permitted and the statute does not make it an offense simply to operate a motor vehicle when a chemical test shows 0.15 per cent or more of alcohol in the blood of the driver. But, as a practical factual matter, it is exceedingly strong in view of the state of scientific knowledge, and in the light of the statutory scheme grading the effect of various blood alcohol concentrations. It is safe to say that such a reading is most difficult to overcome."

In the above-cited case, where the blood reading was .18 percent, the court held this reading with the statutory presumption alone would sustain a conviction. This case was followed in *State v. Macuk,* 57 N.J. 1, 268 A.2d 1, 4. The effect of such statutory presumption as set out in this statute has been held to create a prima facie case, *State v. Cooke,* 270 N.C. 644, 155 S.E.2d 165, 169; *State v. Johnson,* supra; *State v. Macuk,* supra. In the case of *Worth v. Worth,* 48 Wyo. 441, 49 P.2d 649, 652–653, 103 A.L.R. 107, this court held that a presumption must be dissipated by evidence and that it was a question for the jury to determine if such evidence dissipated the presumption. It is not proper for the court in this case to decide, and we do not reach the question, whether the statutory presumption standing alone justifies the submission of the case to the jury and a conviction based thereon. Here the State is not reduced to sole reliance upon the test and the presumption.

There is additional evidence of the smell of intoxicating liquor, the bloodshot eyes, and evidence of some ingestion of intoxicating liquors in the period one to two hours prior to the accident, and the fact of the operation of the vehicle in the manner that caused this death. It might be observed also that the evidence of the blood alcohol content, standing alone and if divorced from the presumption, is also evidence of such intoxication.

There is no suggestion or authority that any of these errors asserted are constitutional or fundamental.

Finding no prejudicial error, we affirm the judgment.