**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Melvin Eugene MEADOWS, Defendant-Appellant.**

No. 75–2426
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Nov. 14, 1975.

---

* Rule 18, 5 Cir., *Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al.*, 5 Cir., 1970, 431 F.2d 409, Part I.

Jim M. Foss (Court-appointed), Melvin E. Meadows, Rome, Ga., for defendant-appellant.

John W. Stokes, U. S. Atty., Gale M. McKinsey, Asst. U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

GOLDBERG, Circuit Judge:

Melvin Meadows was convicted of a violation of Title 18, Section 1202(a) of the United States Code Appendix, which prohibits the possession of firearms by persons previously having been convicted of a felony. In this appeal, Meadows argues that the jury's verdict of guilty was not supported by the evidence, and that the gun which was the basis of the government's case was discovered in an illegal search and thus should not have been admitted into evidence at trial. Having carefully reviewed the record and the briefs, we conclude that Meadows' appeal is without merit, and we affirm the conviction.

On September 7, 1974, Meadows was driving a 1973 Pontiac near Calhoun, Georgia, when he was stopped by Gordon County Sheriff's deputies, who had received a radio dispatch that the driver of that car had just attempted to sell it for $300. Meadows was taken to the jail in a deputy's car while another deputy, Mitchell, drove the 1973 Pontiac there. Mitchell testified that while he was driving the car, he noticed the barrel of a shotgun protruding from under the front seat. At the jail the deputies removed the gun in the course of an inventory of the car. An agent of the Federal Alcohol, Tobacco and Firearms Bureau testified that, after he had informed Meadows of his rights, Meadows told him that Meadows had borrowed the gun from one Preston Timms about two weeks earlier. At trial Meadows admitted having told the agent on September 7 that the gun was in his possession, but explained that he had said this only to protect a woman he had been with that day, since he was afraid she would get into trouble if the gun was illegally short. Meadows testified that he actually had never known that the gun was in the car, and had not borrowed it from Timms. Timms, however, testified that he had indeed loaned the gun to Meadows about two weeks earlier.

■ When a jury verdict is challenged on the ground of insufficiency of evidence, the appellate court must sustain the verdict "if there is substantial evidence, taking the view most favorable to the Government, to support it." *Glasser v. United States,* 1944, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680, 704. In this context, "substantial evidence" means evidence that a reasonably minded jury could accept as adequate and sufficient to support the conclusion of the defendant's guilt beyond a reasonable doubt.[1]

■ To say that the evidence in this case, judged by those standards, is suffi-

cient to sustain the verdict is to indulge in judicial understatement. The only testimony contrary to the jury verdict is that of Meadows himself, and several different witnesses testified to facts which would show a clear violation. The jury believed the latter witnesses, and not Meadows. Substantial evidence supported its finding of guilt.

The second issue raised in this appeal—whether the key piece of evidence was the result of an illegal search—was never formally raised before the trial court. Federal Rule of Criminal Procedure 41(e) provides:

A person aggrieved by an unlawful search and seizure may move the district court . . . to suppress for the use as evidence anything so obtained . . . The motion shall be made before trial or hearing unless opportunity therefor did not exist or the defendant was not aware of the grounds for the motion, but the court in its discretion may entertain the motion at the trial or hearing.

■ In this case, the defendant filed no motion to suppress and made no objection to the introduction of the gun into evidence. He can point to no other action by which he might have alerted the district court and the Government to his desire to raise this defense. No allegations are here made of a lack of opportunity for notifying the trial court of these contentions regarding the search, and no excuse of newly discovered evidence is proffered. Clearly, appellant has not preserved his right to have this Court apply the same standard of law to this question as would a trial court on a motion to suppress. We cannot now require that the Government demonstrate from the record that there was probable cause for the Georgia deputies to stop the car and that the seizure of the gun fell within the "plain view" or some other exception to the rule against warrantless searches. Rather, we can reverse only if we find from the record before

1. *United States v. Reynolds,* 5 Cir. 1975, 511 F.2d 603, 606; *United States v. Lowry,* 5 Cir. 1972, 456 F.2d 341, 344; *United States v. Harper,* 5 Cir. 1971, 450 F.2d 1032, 1040.

the trial court that the circumstances of the seizure were so egregious that the admission of the gun into evidence constituted "plain error." *See* Fed.R. Crim.P. 52(b).

■ The plain error rule has been formulated in different ways, and its application is to a large extent dependent on the circumstances of each case.[2] Although the court may be disposed to examine the record more closely under 52(b) in cases where an appellant was represented by appointed, rather than retained, counsel at trial,[3] the rule by definition can be invoked only where the irregularity was "obvious"[4] or "manifest."[5] In determining whether plain error was committed, we cannot penalize the Government for failing to introduce evidence on probable cause for arrest when defendant's failure to raise an objection before or during trial seemed to make such a showing unnecessary.[6] We can find obvious error here only if the facts in the record compel the conclusion that the seizure was illegal. No facts appear in this record to convince us that the evidence should have been suppressed—we cannot say that the district court *sua sponte* should have excluded the gun.

■ As we said in *Sykes v. United States*, 5 Cir. 1966, 373 F.2d 607, 613, *cert. denied*, 1967, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138, "that which is not visible cannot be 'plain.' We are not equipped for divination." These may be legal bromides, but they are also unexceptionable. The allegation of an infirmity in the search surfaced for the first time in appellant's brief. Since the record does not lend absolutivity to his legal position, and since he has made no demonstration of excusable delay in raising the issue, we do not exhume the proceedings for a meticulous autopsy on the question of probable cause.

Affirmed.

2. *See Dupoint v. United States*, 5 Cir. 1968, 388 F.2d 39, 45; *Mims v. United States*, 5 Cir. 1966, 375 F.2d 135, 147.

3. *Compare Logan v. United States*, 5 Cir. 1951, 192 F.2d 388 (appointed counsel), *with Borroto v. United States*, 5 Cir. 1964, 338 F.2d 60 (retained counsel). Meadows' counsel was appointed.

   More scrutiny in searching for plain error may also be appropriate when the failure to preserve the precise grounds for error is mitigated by a motion to suppress on related grounds, *see Alexander v. United States*, 5 Cir. 1968, 390 F.2d 101, 103, or by a good faith conclusion by the defendant's counsel that he had no standing to object the evidence, *see United States v. Love*, 5 Cir. 1973, 472 F.2d 490, 496–97. In Meadows' case, no objection at all was made at trial, and there could be no question about Meadows' standing to challenge the seizure of the gun.

4. *See United States v. Musquiz*, 5 Cir. 1971, 445 F.2d 963, 966, *quoting United States v. Atkinson*, 1936, 297 U.S. 157, 56 S.Ct. 391, 80 L.Ed. 555; *Sykes v. United States*, 5 Cir. 1966, 373 F.2d 607, 612–13, *cert. denied*, 1967, 386 U.S. 977, 87 S.Ct. 1172, 18 L.Ed.2d 138.

5. *See Borroto v. United States*, 5 Cir. 1964, 338 F.2d 60, 61; *Feutralle v. United States*, 5 Cir. 1954, 209 F.2d 159, 163.

   When an appellate court is satisfied that an error was obvious or manifest, another requirement must be met before reversal is appropriate—the error must be found to have been substantial, so that its commission denied the defendant a fair trial. *See United States v. Morales*, 5 Cir. 1973, 477 F.2d 1309; *United States v. Garber*, 5 Cir. 1972, 471 F.2d 212, 217. We can concede that the government would have had considerable difficulty gaining a conviction of Meadows for possession of a firearm if the firearm had been excluded from evidence. We do not reach this question, however, since the admission of the weapon was attended with no obvious error.

6. *See Sykes v. United States, supra* note 4, at 612–13.