Charles Andrew CONNOLLY, Appellant
(Defendant below),

v.

STATE of Wyoming, Appellee
(Plaintiff below).

No. 5219.

Supreme Court of Wyoming.

May 6, 1980.

Richard H. Honaker, State Public Defender, Cheyenne, Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Laramie, Richard Wolf, Cheyenne and Fred R. Dollison, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

John D. Troughton, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, Gay R. Vanderpoel, Asst. Atty. Gen., Cheyenne and Renee Magee, Student Intern, Wyoming Prosecution Assistance Program, Laramie, for appellee.

Before RAPER, C. J., and McCLINTOCK, THOMAS, ROSE and ROONEY, JJ.

ROSE, Justice.

This is an appeal from a conviction for assault and battery with intent to commit a felony, that is—second-degree sexual assault—in violation of § 6–4–503, W.S.1977 [1], brought pursuant to Rule 1.04, W.R.A.P. [2], and Rule 49(b), W.R.Cr.P. [3]

On January 24, 1977, Thelean Connolly, age 14 years, seven months, was apprehended by the Douglas, Wyoming, Police Department on suspicion of being a runaway. She was interviewed by a Converse County deputy sheriff and, as a result of that interview, her step-father, Charles Andrew Connolly, appellant, was arrested and charged with having unlawful carnal knowledge of a minor female in violation of § 6–63(A), W.S.1957, 1975 Cum.Supp. [4]

Mr. Connolly was arraigned on an amended information charging him with assault and battery with intent to commit a felony, namely, sexual assault in the second degree (§ 6–4–303(a)(ii), W.S.1977) [5], in violation of § 6–4–503, W.S.1977, fn. 1, supra.

Pursuant to plea negotiations, Connolly entered a plea of not guilty to the charge in the amended information, signed a Statement of Admission of the Elements of the Crime Charged, and received a deferred prosecution and three (3) years' probation.

Subsequently, Mr. Connolly was arrested for driving while under the influence of alcohol, and a petition to revoke his probation was filed. After hearing, his probation was revoked.

Trial was held on July 30 and 31, 1979, in District Court of Converse County, and the jury returned a verdict of guilty of assault and battery with intent to commit a felony.

Following the pronouncement of the verdict and a pre-sentence investigation, Connolly was sentenced to serve from three to five years in the Wyoming State Penitentiary, with credit for time served applied to the maximum penalty. It is from that judgment and sentence that the defendant appeals.

The appellant identifies the following as the sole issue for decision:

Is it plain error for the court to omit the giving of an immediate cautionary instruction limiting the purpose for which

1. Section 6–4–503, W.S.1977, provides:
   "Whoever perpetrates an assault, or assault and battery, upon any human being with intent to commit a felony, shall be imprisoned in the penitentiary not more than fourteen (14) years."

2. Rule 1.04, W.R.A.P., provides:
   "A judgment rendered or final order made by a district court may be reversed in whole or in part, vacated or modified by the Supreme Court for errors appearing on the record."

3. Rule 49(b), W.R.Cr.P., provides:
   "(b) *Plain error.*—Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

4. Section 6–63(A), W.S.1957, 1975 Cum.Supp. [Repealed ch. 70, § 3, S.L. of Wyo.1977, effective May 27, 1977], provided:
   "(A) Whoever unlawfully has carnal knowledge of a woman or female child forcibly and against her will is guilty of first-degree rape, and shall be imprisoned in the penitentiary for any term not less than one (1) year, or during life."

5. Section 6–4–303(a)(ii), W.S.1977, provides:
   "(a) Any actor who inflicts sexual penetration or sexual intrusion on a victim commits sexual assault in the second degree if, under circumstances not constituted sexual assault in the first degree:
   *    *    *    *    *    *
   "(ii) The actor causes submission of the victim by any means that would prevent resistance by a victim of ordinary resolution;"

evidence may be considered where such evidence is admitted for the limited purpose of proving intent, malice, common scheme or plan, or impeachment?

During the trial of this case, the court admitted objected-to testimony concerning alleged incidents of sexual misconduct on the part of Connolly prior to January 19, 1977, the date of the alleged offense for which he was tried and convicted. On direct examination, Thelean Connolly, the alleged victim, testified that appellant had made several previous attempts to "touch" her. The offered testimony was objected to by defense counsel and the objection was overruled. The defendant does not question this ruling.

The testimony of Thelean Connolly concerning appellant's prior sexual misconduct was elicited by the County Attorney to show the *intent*[6] of the defendant in a prosecution for assault and battery with the intent to commit a sexual assault.

The narrow issue here is whether the trial court erred in not giving a cautionary instruction even though not requested.

Although there was no motion made for a cautionary instruction, the appellant asks us to invoke the *McClain* doctrine, which was announced in *United States v. McClain*, 142 App.D.C. 213, 440 F.2d 241, 246 (1971), and provides:

"  .   .   .  We would hold that whenever evidence is admitted only for a limited purpose, it is plain error, in the absence of manifest waiver, to omit an immediate cautioning instruction. The danger of prejudicial effect from such evidence is so great that only an immediate and contemporaneous instruction can be considered sufficient to protect defendants.  .   .   ."

The court goes on to say:

"  .   .   .  [F]ailure of defense counsel to request such an instruction does not automatically bar this court from reaching the error if the instruction is not given.",

and then holds that if defense counsel is going to waive the defendant's right to a limiting instruction, the waiver must be explicit. The court says:

"  .   .   .  If the waiver is going to have such an effect, however, it must be explicit; there must be a clear statement that the particular instruction in question is being waived, and it must appear from the record that the waiver was made on tactical grounds, rather than counsel's misapprehension as to the law."

The State responds by urging that, under the facts of this case, the court's failure to give, sua sponte, a limiting instruction to the jury concerning the testimony about previous sexual conduct with the prosecutrix did not rise to the level of plain error and, therefore, *McClain*, supra is inapplicable.

In the instant matter, the defendant cites to no authorities except *McClain*, supra, which holds that it is plain error, absent explicit waiver, for the court, on its own motion, to fail to caution the jury as to the limited purpose for admitting prior acts into evidence. It is, of course, error to refuse such instruction when requested. *Goodman v. State*, Wyo., 601 P.2d 178, 184 (1979) reh. den.; and *Channel v. State*, Wyo., 592 P.2d 1145 (1979).

Rule 105, W.R.E., provides:

"When evidence which is admissible as to one (1) party or for one (1) purpose but not admissible as to another party or for another purpose is admitted, the court, *upon request*, shall restrict the evidence to its proper scope and instruct the jury accordingly." (Emphasis supplied.)

---

6. In this appeal, the defendant admits that the evidence was properly admitted for the purpose of showing intent under Rule 404(b), W.R.E., which provides:

"*Other crimes, wrongs, or acts.*—Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."

We have held that the plain-error doctrine is to be utilized only in those exceptional circumstances where it results in a grave deprivation of defendant's rights. *Downs v. State*, Wyo., 581 P.2d 610 (1978); *Leeper v. State*, Wyo., 589 P.2d 379 (1979); and *Hampton v. State*, Wyo., 558 P.2d 504 (1977).

We said in *Hampton*, supra, 558 P.2d at 507:

"While this Court has recognized that the plain error concept must be applied to each case on its own particular facts, and any attempt to define the term 'plain error or defects affecting substantial rights' is unlikely to be helpful (*Hays v. State*, Wyo., 522 P.2d 1004 (1974)), still there are some accepted criteria which we invoke when a claim of plain error is presented. When review is sought under the plain error doctrine . . . *the proponent of plain error must demonstrate the existence of a clear and unequivocal rule of law which the particular facts transgress* in a clear and obvious, not merely arguable, way. See, e. g., *United States v. Dawson*, 486 F.2d 1326 (5th Cir. 1973); *United States v. Morales*, 477 F.2d 1309 (5th Cir. 1973); *United States v. Campbell*, 419 F.2d 1144 (5th Cir. 1969); *United States v. Mooney*, 417 F.2d 936 (8th Cir. 1969); *Evans v. State*, Alaska, 550 P.2d 830 (1976). . . ." (Emphasis supplied.)

### The "Clear and Unequivocal Rule of Law" Requirement

The defendant, in relying upon the *McClain* doctrine, does not satisfy the *Hampton* requirement of demonstrating plain error by calling to our attention a clear and unequivocal rule of law which has been transgressed under the facts of this case; nor does he cite any authority except *McClain*, supra, which holds that, absent explicit waiver, failure of the court to invoke the doctrine on its own motion constitutes plain error. Furthermore, the law of this state is reflected by the applicable rules of evidence adopted by this court, which clearly envision that the court will instruct the jury of the limited scope of such evidence only *"upon request."* Rule 105, W.R.E., supra. This, of course, limits the circumstances under which trial judges will be held responsible for instructing the jury in factual situations such as those with which we are here concerned.

To charge the trial court with the duty of protecting defendant's right to receive a limiting instruction, thereby relieving the attorney of that obligation, would be an exercise in role-switching which we are not ready to condone, and which would, in any case, be contrary to the procedural responsibilities contemplated by Rule 105, W.R.E., supra.

The facts of this case do not, therefore, transgress a clear and unequivocal rule of law and, thus, the criteria of *Hampton*, supra, is not met. Without it, there can be no plain error.

Affirmed.