**William D. NORMAN,**
**Appellant (Defendant),**

v.

**The STATE of Wyoming,**
**Appellee (Plaintiff).**

**No. 87–156.**

Supreme Court of Wyoming.

Dec. 22, 1987.

Rehearing Denied Jan. 12, 1988.

William D. Norman, Casper, pro se.

Joseph B. Meyer, Atty. Gen., John W. Renneisen, Deputy Atty. Gen., Sylvia Lee Hackl, Sr. Asst. Atty. Gen., Marla J. Vollmar, Legal Intern, Cheyenne, for appellee.

Before BROWN, C.J., and THOMAS, CARDINE, URBIGKIT, and MACY, JJ.

BROWN, Chief Justice.

Appellant William D. Norman, asserts a pro se challenge to an order of the district court handed down on May 6, 1987, affirming a county court conviction for driving while under the influence of intoxicating liquor.[1] Both parties to this appeal essentially agree on five issues:

"I. Whether the trial court erred in admitting the field tests into evidence.

"II. Whether the trial court erred in its ruling regarding the alcohol influence report.

"III. Whether the trial court erred in giving jury Instruction No. 6.

"IV. Whether the trial court abused its discretion in sentencing appellant to a period of confinement or in the alternative, requiring him to undergo in-patient treatment.

"V. Whether the trial court abused its discretion in conducting the sentencing hearing at the date and time ordered."

We affirm.

Appellant was stopped by Officer Kevin McGrath of the Gillette Police Department at 12:45 a.m. on June 18, 1986. Officer McGrath was traveling east when he noticed appellant's car ahead of him traveling in both the inner and outer lanes of traffic,

---

1. The controlling statute is § 31–5–233, W.S. 1977 (November 1984 Replacement). This section is now codified as recently amended in W.S.1977 (Cum.Supp.1987).

with about one-quarter of the car in the inner lane. After watching appellant stop briefly at a flashing red light and proceed again in and out of his lane, Officer McGrath turned on his flashing lights to stop the car. Appellant drove about one more block, stopped, and got out to talk to the officer. The officer explained the reason for the stop, and then noticed an odor of alcohol on appellant's breath. Appellant was asked if he had been drinking and responded he had consumed two bourbons and water four hours earlier. Officer McGrath then asked appellant to perform a series of physical tests; appellant agreed. He was asked to count backwards from one hundred; write the alphabet on a card; count on his fingers; lift and hold his leg off the ground; and walk heel-to-toe. He did poorly on several of the tests.

After the tests, appellant was arrested for DWUI and taken to the police station. He listened to an explanation of the implied consent law for blood alcohol testing, and then he consented to a blood test that took place at the hospital emergency room around 1:30 a.m. The police then booked appellant and informed him of his Miranda rights. Appellant signed a Miranda waiver card at 1:51 a.m. and gave the police an audio-taped interview. He also requested a separate breath test before being released on bond. The test showed 0.16 blood-alcohol. The blood-alcohol test taken an hour-and-a-half earlier registered 0.21 blood alcohol.

Appellant pled not guilty through a special appearance by his attorney, Felix Sowoda, on June 30, 1986. After a November 12, 1986, jury trial at which appellant was represented by Earl Johnson, he was found guilty and instructed to attend alcohol counseling through the Weekend Intervention Program. The report from this program was filed, and a sentencing hearing was set for December 19, 1986. Willis C. Geer represented appellant at this hearing. The county court sentenced appellant to a five-month jail term, assessed $10 in court costs and imposed a fine of $750. All but ten days of confinement were suspended along with $300 of the fine, contingent on appellant complying with conditions of the

judgment and sentence including voluntary entry into an inpatient alcohol and drug treatment facility and abstinence from alcohol.

On December 29, 1986, appellant filed a Notice of Appeal in the district court from the county court judgment and sentence. Argument for the appeal was set for April 10, 1987, and appellant did not file his statement of errors and supporting brief until 11:54 p.m. on April 3.

The state moved to dismiss the appeal under Rules for Courts of Limited Jurisdiction. The district court allowed argument on April 10, and ordered the convictions affirmed on May 5, 1987.

## I

The issue of admissibility of the field test results first arose on November 3, when appellant moved to dismiss the charges because the tests lacked scientific validity. The county court denied the motion without argument in a hearing before trial. Appellant repeated his motion to dismiss when the state rested its case, asserting absence of a prima facie case against him because the field test evidence was irrelevant and overly prejudicial. The county court denied the motion again. Appellant, on appeal, raises the same objection to admission of the field test results.

We hold the admission of the field test results was not prejudicial error. Appellant, through defense counsel, stipulated to the admission of this evidence at his trial. Consequently, he is foreclosed from objecting to its admission into evidence in this appeal. *Moore v. State*, Wyo., 542 P.2d 109, 113 (1975).

## II

The second assignment of error urges that the DWUI arrest report was wrongly introduced into evidence, over defense objection, because it violated appellant's right against self-incrimination under the Fifth Amendment to the United States Constitution. *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974 (1966). This argument lacks

any merit. The arrest report was introduced at trial *by appellant as one of his own exhibits.* Further, the record is clear that appellant, then a licensed attorney in this state, knowingly waived his Miranda right by reading, assenting to and signing the Miranda waiver card before being interviewed after his arrest.

### III

■ Appellant objects to Jury Instruction No. 6, contending it was given in an incomplete form. It read:

"The manner in which a vehicle is being operated does not itself establish that the driver of the vehicle is or is not under the influence of intoxicating liquor to a degree which rendered him incapable of safely driving a motor vehicle.

"You are instructed that it is not necessary for the prosecution to show that the defendant did drive a motor vehicle in an unsafe manner, but that beyond a reasonable doubt the defendant did drive a motor vehicle at a time he was under the influence of an intoxicating liquor to a degree which rendered him incapable of safely driving said motor vehicle."

Appellant concedes this instruction was correct under *Olson v. State,* Wyo., 698 P.2d 107 (1985), but argues the jury should have been further instructed that Officer McGrath needed probable cause to stop appellant before he was tested for intoxication.

Generally, the trial court has discretion to fashion the instructions to fit the facts of a case. We recently stated:

"The general rule in reviewing questions involving instructions is that the trial judge is afforded latitude to tailor the instructions to the facts of the case, and reversible error will not be found as long as the instructions when viewed as a whole and in the context of the entire trial fairly and adequately cover the issues. [Citations.]" *Scadden v. State,* Wyo., 732 P.2d 1036, 1053 (1987).

No such reversible error occurred here.

■ Evidence introduced by *appellant,* in the form of the arrest report, shows facts demonstrating the requisite probable cause for Officer McGrath to stop appellant initially for a traffic violation. Section 7-2-103(a), W.S.1977 (June 1987 Replacement); *Simmons v. State,* Wyo., 712 P.2d 887, 889 (1986). Appellant was stopped for driving in more than one lane of traffic on a four-lane city street in violation of § 31-5-209(a)(i), W.S.1977 (November 1984 Replacement). After the stop, Officer McGrath noticed an odor of alcohol on appellant's breath and asked appellant if he had been drinking. Appellant admitted to having had two drinks. The officer then gave the field sobriety tests.

These facts, from appellant's own evidence, show that no issue of probable cause to stop appellant was before the jury. The trial court properly restricted Instruction No. 6 to the issue of intoxication while driving.

### IV

In his fourth assignment of error, appellant mounts a three-pronged attack on his sentence. The first prong concerns sentencing authority of a trial court under § 31-5-233(d), W.S.1977 (November 1984 Replacement), which provides:

"Except as provided in subsection (g) of this section, a person convicted of violating this section is guilty of a misdemeanor punishable by *imprisonment for not more than six (6) months,* a fine of not more than seven hundred fifty dollars ($750.00), or both. On a subsequent conviction within five (5) years after a conviction for a violation of this section or other law prohibiting driving while under the influence, he shall be punished by *imprisonment for not less than seven (7) days nor more than six (6) months* and shall not be eligible for probation or suspension of sentence or release on any other basis until he has served at least seven (7) days in jail. In addition, the person may be fined not less than two hundred dollars ($200.00) nor more than seven hundred fifty dollars ($750.00). *The judge may suspend part or all of the discretionary portion of an imprisonment sentence under this subsection if the defendant agrees to pursue and completes an alcohol education or*

*treatment program as prescribed by the judge."* (Emphasis added.)

■ Appellant contends that the trial court can only conditionally suspend an imprisonment sentence under this statute if the person sentenced has an earlier DWUI conviction. We hold that the plain language of § 31–5–233(d) allows suspension of imprisonment conditioned upon the defendant voluntarily completing an alcohol education or treatment program for either first time *or* subsequent convictions.

■ Appellant's second sentencing challenge is that he was improperly committed to the State Mental Hospital for in-patient alcohol treatment as a condition of suspension of his sentence under § 31–5–233(d).[2] The judgment and sentence rendered by the trial court provides:

"IT IS FURTHER ORDERED, CONSIDERED, ADJUDGED AND DECREED the defendant is assessed $10.00 court costs, fined the sum of $750.00 and sentenced to a five (5) month jail term. "IT IS FURTHER ORDERED, CONSIDERED, ADJUDGED AND DECREED that the Court will suspend all but ten days of the jail term and all but $300.00 of the Defendant's fine if he complies with each and every term and condition set forth below. If the Defendant fails to abide by said terms and conditions he shall serve the full five (5) month jail term and pay the full $750.00 fine.

"1. The defendant shall live a law abiding, worthy and respectful life. He shall commit no violation of law of any kind.

"2. The defendant shall enter an inpatient alcohol and drug treatment facility within 60 days from and after December 19, 1986 of a minimum duration of thirty (30) days. Defendant shall willingly participate in and genuinely seek rehabilitation with reference to his alcohol abuse. The Defendant shall sign a release of information with the facility enabling the facility to report fully to the Court concerning all matters relating to the Defendant's treatment.

"3. The Defendant shall establish an after care treatment program which he shall follow faithfully the duration of his probationary period.

"4. Eleven days prior to reporting to inpatient treatment facility, he shall serve his ten day jail term and then immediately upon completing said 10 day jail term shall transport himself to the facility for treatment.

"5. The Defendant shall consume no alcoholic liquor/beverage while on probation and he shall report to the treatment facility free from alcoholic liquor about or within his person. If the Defendant reports to the treatment facility giving evidence of alcoholic liquor about or within his person, the facility shall forthwith notify this Court of the same and the Defendant will be required to appear before the Court immediately following his release from the treatment facility for further proceedings in this case.

"6. The Defendant shall pay the costs of his weekend intervention program. (If the Defendant does pay the same within the probationary period, the Court will reduce his fine two for one from the $750.00).

"7. A violation of any condition shall result in the issuance of an Order to Show Cause to the Defendant requiring him to appear before the Court to show cause why his probation should not be revoked and he be required to serve the suspended one hundred and forty days (140) of his jail term and pay in full the $750.00 fine."

We do not see *any* language in this sentence involuntarily committing appellant to the State Mental Hospital.

■ Appellant's last sentencing challenge is that the trial court abused its discretion in exacting the maximum first offense penalty against him when he was sentenced. There was no abuse of discretion. A trial court has wide sentencing discretion, within the statutorily prescribed sentencing limits, to impose a sentence it

---

**2.** Commitment to the State Mental Hospital must follow the procedures set out in §§ 25–10– 101 through 25–10–305, W.S.1977 (October 1982 Replacement & Cum.Supp.1987).

considers proper under the facts and circumstances of the case. *Duffy v. State,* Wyo., 730 P.2d 754, 759–760 (1986); and *Daniel v. State,* Wyo., 644 P.2d 172, 178 (1982).

We hold the trial court imposed a lawful sentence under § 31–5–233(d).

## V

 Appellant's final contention is that he was not given a reasonable opportunity to review the report from the Weekend Intervention Program so that he could give clarifying testimony at his sentencing hearing. Appellant attended the program on December 12–14, 1986, and the report was filed with the court on December 18, 1986. On November 20, 1986, the sentencing hearing was scheduled for December 19, 1986. Appellant knew of the sentencing hearing nearly a month before it took place, and had ample time to obtain a copy of the program report to prepare for the hearing. Appellant was not prejudiced by the timing of the filing of the report and failed to meet his own responsibility to get a copy of it when it was filed. There was no error in this respect.

Affirmed on all issues.