**UNITED STATES of America, Appellee,**

**v.**

**Wilfred G. MEIER, Appellant.**

**No. 79–1469.**

United States Court of Appeals,
Eighth Circuit.

Submitted Oct. 10, 1979.

Decided Oct. 17, 1979.

Rehearing and Rehearing En Banc
Denied Nov. 14, 1979.

**216**

James F. Booth, Clayton, Mo., on brief, for appellant.

Robert D. Kingsland, U. S. Atty., and Mark A. Helfers, Asst. U. S. Atty., St. Louis, Mo., on brief, for appellee.

Before LAY, HEANEY and HENLEY, Circuit Judges.

PER CURIAM.

Wilfred G. Meier appeals from his conviction on three counts of willfully and knowingly failing to file income tax returns for the tax years 1972, 1973 and 1974 in violation of 26 U.S.C. § 7203. The case was tried before the district court on a stipulation of fact.

On appeal Meier urges (1) that the district court erred in refusing to suppress certain statements and evidence, and (2) that the evidence is insufficient to support his conviction.

In 1977 Postal Inspector Calvin J. Olk informed Jerome Ponder, the Group Inspector of the Internal Revenue Service Examination Division that a postal investigation of Meier had disclosed evidence that Meier as insurance agent for the MFA Insurance Company (MFA), had stolen approximately $30,000 in insurance premiums belonging to MFA. Ponder was advised of the possibility that Meier had omitted income from his individual tax return. Ponder assigned Agent Frank Somogyi to investigate.

Agent Somogyi discovered by virtue of a computer search at the Kansas City Service Center that there were no records of any returns filed by Meier for the years prior to 1975. Somogyi then sent a letter to Meier requesting an interview and copies of Meier's returns for 1972, 1973, 1974 and 1976.

Meier and Agent Somogyi first met on August 26, 1977, in Meier's office. At this meeting Meier was told that the Kansas City Service Center had no record of any tax returns filed by him before 1975. Meier submitted copies of his tax returns for the years in question to Agent Somogyi asserting that they had been filed in Kansas City, and agreed to obtain microfilm copies of his cancelled checks for the estimated tax payments and deficiencies.

The second meeting between Meier and Agent Somogyi occurred on September 13, 1977, at Meier's office. Between the first meeting and the second, Agent Somogyi's only investigation of this matter was to verify Meier's correct name and social security number to be sure the computer search had been correctly performed. At the second meeting Meier gave Agent Somogyi his bank statements and told him he had been unable to obtain copies of his

cancelled checks. Thereafter Agent Somogyi suspended his investigation and referred the matter to the Criminal Enforcement Division.

On January 10, 1978, Agent Somogyi and Special Agent David Kretchmar met with Meier at Meier's office. Agent Kretchmar identified himself, advised Meier of his rights to remain silent and to consult an attorney, and told him that whatever he said could be used against him in a criminal prosecution. Agent Kretchmar also informed him that the purpose of the investigation was to investigate possible criminal tax violations. Meier responded that he understood his rights and that he wanted to cooperate. At the end of the interview Meier signed a sworn affidavit.

Meier's pretrial motions to suppress evidence obtained from him by the agents were denied by the district court after two hearings.

■ Meier argues that the evidence and statements obtained by the agents in their interviews with him should have been suppressed because he was not advised of any of his rights at the first two meetings, and because he was not properly advised of his right to counsel and privilege against self-incrimination at the third meeting. His contention that he was entitled to *Miranda* warnings at the outset of the investigation because the investigation was criminal in nature, had focused upon him, and was inherently coercive, is refuted by *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). In *Beckwith*, the Supreme Court held that absent special circumstances, statements made to a revenue agent in a noncustodial interview in a criminal tax investigation are admissible even though the taxpayer was not given *Miranda* warnings. *Beckwith*, 425 U.S. 347–48, 96 S.Ct. 1612; *United States v. Vannelli*, 595 F.2d 402, 406 (8th Cir. 1979).

■ Because Meier also alleges special coercive circumstances existed, we have examined the record to determine if Meier's cooperation was voluntary. *See Beckwith*, 425 U.S. at 348, 96 S.Ct. 1612. Specifically,

Meier contends that Agent Somogyi concealed from him the purpose of the investigation. The only evidence in the record bearing on this issue is Agent Somogyi's testimony at the May 7th suppression hearing. He testified that just after the commencement of the first interview Meier suggested the IRS investigation had been prompted by the postal investigation. Agent Somogyi did not respond to this statement. While a misrepresentation as to the nature of an investigation can be strong evidence of coercion, *see United States v. Mapp*, 561 F.2d 685, 689 (7th Cir. 1977), Agent Somogyi's silence can only be considered fraudulent if there is clear and convincing evidence that it was intentionally misleading. *See United States v. Tweel*, 550 F.2d 297, 299 (5th Cir. 1977). The burden of proof is upon the movant. *Id.* We find that Meier has failed to present any clear and convincing evidence that Somogyi's silence was intended to mislead him.

■ Finally, Meier argues the agency violated its internal regulations in not referring the matter to the criminal division at an earlier date. He contends the investigation became criminal in nature long before Agent Somogyi made the referral. The district court judge made the following finding:

> Agent Somogyi had a suspicion that defendant had not filed his tax returns, but his investigation and the interviews with the defendant on August 26th of 1977 and September 13th of 1977, and the obtaining of informational documents from the defendant were reasonable steps necessary to verify these suspicions, and upon discovering an indication of fraud, . . . Agent Somogyi did then suspend his activities and investigation . . . and referred the case for criminal investigation.

This finding is not clearly erroneous. Even if the agency regulations were violated, the violation was not deliberate or prejudicial, and Meier's constitutional rights were not affected. Moreover, Meier does not contend that he relied upon the regulation or that its violation affected his conduct. We

conclude therefore, that the evidence was properly received. *See United States v. Caceres,* 440 U.S. 741, 99 S.Ct. 1465, 59 L.Ed.2d 733 (1979).

The overall evidence was sufficient to sustain the conviction.

THE JUDGMENT IS AFFIRMED.