**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Leroy WRIGHT, Defendant-Appellant.**

No. 80–9030.

United States Court of Appeals,
Fifth Circuit.*
Unit B

Sept. 7, 1982.

Bruce H. Morris, Robert H. Citronberg, Atlanta, Ga., for defendant-appellant.

James E. Fagan, Jr., Atlanta, Ga., for plaintiff-appellee.

Before MORGAN, TJOFLAT and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Leroy Wright seeks reversal of his conviction for failure to file income tax returns. 26 U.S.C. § 7203 (1976). The sole issue on appeal is whether the district court erred in admitting into evidence several incriminating statements made by Wright to Internal Revenue Service agents. We earlier remanded this case to the district court for a determination whether Wright's statements to the IRS agents were made during the course of a custodial interrogation, thereby necessitating that the warnings required by *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), be given before any questioning of Wright. On remand, the district court concluded that the IRS agents' interview with Wright was not a custodial interrogation, and that *Miranda* warnings were therefore not required.

The record discloses that the two IRS agents traveled to a lumberyard that Wright frequented to interview him. The agents identified themselves and asked Wright to answer some questions. Wright accompanied the agents to a small office at the lumberyard. Before any questioning, one of the agents read Wright a "rights card";[1] Wright stated that he did not un-

---

\* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

1. This card reads as follows:

> As a special agent one of my functions is to investigate the possibility of criminal violations of the Internal Revenue laws and related offenses.
>
> In connection with my investigation of your tax liability or other matters, I would like to ask you some questions. However, first, I advise you that under the Fifth Amendment to the Constitution of the United States, I cannot compel you to answer any questions or to submit any information if such answers or information might tend to incriminate you in any way.
>
> I also advise you that anything which you say, and documents that you submit may be used against you in any criminal proceedings which may be undertaken.

derstand his rights, so the other agent re-read the card, paraphrasing and explaining as he went along. Wright then said that he understood and agreed to talk with the agents. The interview lasted about one hour, during which Wright made several incriminating statements. Afterwards, Wright left freely; he was not arrested.

■ We need not decide whether the "rights card" read by the IRS agents to Wright was sufficient to satisfy the *Miranda* requirements, because we conclude that the district court was correct in holding that Wright was not subjected to a custodial interrogation; *Miranda* warnings were therefore not necessary. That an IRS criminal investigation has focused on a defendant does not, in and of itself, mandate *Miranda* warnings. *Beckwith v. United States*, 425 U.S. 341, 96 S.Ct. 1612, 48 L.Ed.2d 1 (1976). Moreover, the IRS agents conducted their interview in surroundings familiar to Wright and there is no evidence that the agents restrained or coerced him in any way. Wright accompanied the agents freely to the office, was questioned for only an hour, and then left. On these facts, the district court properly determined that *Miranda* was inapplicable. *See United States v. Fontenot*, 628 F.2d 921, 925 (5th Cir. 1980), *cert. denied*, 452 U.S. 905, 101 S.Ct. 3030, 69 L.Ed.2d 406 (1981); *United States v. Meier*, 607 F.2d 215, 217 (8th Cir. 1979), *cert. denied*, 445 U.S. 966, 100 S.Ct. 1658, 64 L.Ed.2d 243 (1980).

The district court also held that Wright's statements were made voluntarily. Exercising our independent judgment after a review of the entire record, *Sullivan v. Alabama*, 666 F.2d 478, 483 (11th Cir. 1982), and looking at the totality of the circumstances, *id.*, we agree.

Finding no merit to either of Wright's assertions of error, we determine that the district court properly admitted the incriminating statements into evidence.

AFFIRMED.

I advise you further that you may, if you wish, seek the assistance of an attorney before responding.

Do you understand these rights?